DANIEL E. WILLIAMS (ISB 3920)
JONES WILLIAMS FUHRMAN GOURLEY, PA
225 N. 9th Street, Suite 820
P.O. Box 1097
Boise, ID  83701-1097
Telephone:  (208) 331-1170
Fax:  (208) 331-1529
dwilliams@idalaw.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE STATE OF IDAHO

| | |
|---|---|
| KATE SHELTON, an individual,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>CORIZON HEALTH, INC., a Delaware corporation,<br><br>　　　　　　Defendant. | Case No.<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiff Kate Shelton ("Ms. Shelton" or "Plaintiff"), by and through her counsel, for her claims against Corizon Health, Inc., ("Corizon," "Employer" or "Defendant") alleges and states:

## I. JURISDICTION AND VENUE

1.　　This Court has original jurisdiction under 28 U.S.C. § 1331.

2.　　The acts alleged occurred in Ada County, Idaho and caused the claims.  The employment practices alleged to be unlawful were committed in this jurisdiction and venue is proper in the Southern Division of the District of Idaho under 28 U.S.C. § 1391(a)(3) and under Dist. Idaho Loc. Civ. R. 3.1.

COMPLAINT AND DEMAND FOR JURY TRIAL – Page 1

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. Plaintiff timely filed a charge of sex discrimination with the Idaho Human Rights Commission ("IHRC"), and the Equal Employment Opportunity Commission ("EEOC") on or about February 20, 2019.

4. Plaintiff's charges alleged Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); and, the Idaho Human Rights Act, Idaho Code § 67-5901 *et seq.*, as well as the Idaho Equal Pay Act, Idaho Code § 44-1701, *et seq.*

5. Plaintiff received a Notice of Right to Sue from the IHRC dated May 1, 2020. This Complaint is filed within 90 days of Plaintiff's receipt of these Notices. Plaintiff is requesting a Dismissal and Notice of Rights from the EEOC.

6. Plaintiff has exhausted all administrative remedies required by the Title VII and under the laws of the State of Idaho.

## III. THE PARTIES

7. Plaintiff Kate Shelton is an individual residing in Ada County, Idaho.

8. Defendant Corizon Health, Inc., is a Delaware corporation operating in Ada County, Idaho.

9. At all relevant times, Defendant employed over 15 people.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff incorporates paragraphs 1 through 9 above.

11. While employed by Defendant, Plaintiff was subjected to illegal discrimination on the basis of sex in regards to pay and other conditions of employment in violation of the federal Equal Pay Act, 29 U.S.C. § 206(d), *et seq.* ("the EPA"), the Idaho Equal Pay Act, Title VII and

the Idaho Human Rights Act.  Plaintiff was then retaliated against and terminated by Defendant for raising disparate pay and related issues in the workplace.

12. Plaintiff was employed as a Health Services Administrator ("HSA") by Defendant beginning in approximately September 2015.  Defendant contracts with the Idaho State Department of Correction to provide health care services to individuals in the Department's custody.

13. When Plaintiff's supervisor, the Vice President of Operations ("VPO"), was changed in approximately May 2018, Plaintiff discovered that there were significant salary discrepancies between the male and female HSA's in the State of Idaho.  The data Plaintiff discovered indicated that over the course of two years, several of the male HSA's had been given pay increases between 3% to 9%, including some given increases twice in one year.  Females, on the other hand, were given 0% to 2% and were told falsely that 2% was the most allowed.  Further, some of the male HSA's had significantly less experience in the field than their female counterparts.

14. On or about August 16, 2018, Plaintiff emailed the interim VPO, Ralf Salk, and asked for a meeting to discuss what she had discovered.  During the ensuing meeting, Mr. Salk took her information and indicated he would take it to human resources for review.

15. A few days later, however, the soon-to-be new VPO, Aaron Hofer, stopped by Plaintiff's office to drop of some medical supplies and handed Plaintiff a $1.00 bill with a sticky note attached saying "2019 annual review."

16. In September 2018, Ralf Salk met with Plaintiff again to discuss her resuming HSA management of a 431-bed men's facility, the Correctional Alternative Placement Program

("CAPP"). At that time, Plaintiff asked Mr. Salk if she would be getting a salary increase similar to the ones that the other, male HSA's had received. Salk told Plaintiff he would take it for review. Salk did not address the issue again.

17. On or about November 1, 2018 Plaintiff took over as the HSA of CAPP and also remained as the HSA of South Boise Women's Correctional Center. On or about November 13, 2018, she had a phone call with the new VPO Aaron Hofer about the transition and asked him about the salary adjustment because her understanding was that the interim HSA had received an increase to his salary. She felt that since she was taking on an additional 437 offenders, a similar increase was fair. Aaron Hofer responded told Plaintiff that this would happen first part of December and he was "working on it."

18. Shortly after, Plaintiff was warned by one of Defendant's employees that she needed to watch her back, saying "they are trying to find something on you."

19. Plaintiff continued to ask Aaron Hofer about an increase in her salary and he responded he would get back to her.

20. On or about January 9, 2019, Aaron Hofer met with Plaintiff and claimed her staff were unhappy with her and asked her to resign.

21. When Plaintiff did not resign, Defendant elected to conduct a "Climate Assessment" regarding Plaintiff's worksite, which occurred on or about January 18, 2019.

22. Ostensibly, the Climate Assessment discovered alleged changes to time records made by Plaintiff regarding employees reporting to her. Despite the fact that Plaintiff was following directions from Defendant's payroll personnel in any changes to time records and making similar changes as done by other HSA's, Defendant terminated Plaintiff for alleged

violations of its Time Keeping Policy as a pretext for complaining about Defendant's illegal pay and related practices.

## V.  FIRST CLAIM FOR RELIEF
**(Violations of the Federal Equal Pay Act)**

23.     Plaintiff incorporates paragraphs 1 through 22 above.

24.     Defendant violated the federal Equal Pay Act ("EPA"), particularly 29 U. S. C. § 206(d)(1), as to Plaintiff by discriminating between Plaintiff on the basis of sex by paying wages to her at a rate less than the rate at which Defendant paid wages to employees of the opposite sex for equal work on jobs the performance of which required equal skill, effort, and responsibility, and which were performed under similar working conditions.

25.     Defendant further violated the EPA by retaliating against Plaintiff for asserting her rights under the EPA and taking materially adverse employment actions against her, including but not limited to her termination.

26.     Because of Defendant's violation of the laws as alleged, Plaintiff suffered the loss of wages and the indignity, humiliation, and embarrassment of being discriminated against solely because she asserted her rights.

## SECOND CLAIM FOR RELIEF
**(Violations of the Idaho Equal Pay Act)**

27.     Plaintiff incorporates paragraph 1 through 26 above.

28.     Defendant violated the Idaho Equal Pay Act, as to Plaintiff by discriminating between Plaintiff on the basis of sex by paying wages to her at a rate less than the rate at which it paid an employee of the opposite sex for comparable work on jobs that have comparable requirements for skill, effort, and responsibility.

COMPLAINT AND DEMAND FOR JURY TRIAL – Page 5

29. Defendant further violated the Idaho Equal Pay Act by retaliating against Plaintiff for asserting her rights under the act and taking materially adverse employment actions against her, including but not limited to her termination.

30. Because of Defendant's violation of the laws as alleged, Plaintiff suffered the loss of wages and the indignity, humiliation and embarrassment of being discriminated against solely because she asserted her rights.

## VI. THIRD CLAIM FOR RELIEF
### (Violations of Title VII)

31. Plaintiff incorporates paragraphs 1 through 30 above.

32. Defendant is an "employer" as defined by 42 U.S.C. § 2000e-(b).

33. Defendant, through the acts of the above-mentioned individuals and Plaintiff's supervisors, created an abusive and hostile work environment on the basis of sex. Such actions were severe enough to alter Plaintiff's job and created a hostile working environment. Defendant further directly discriminated against Plaintiff in the conditions of her employment, including, but not limited to, pay. Defendant further retaliated against Plaintiff for asserting her rights pursuant to Title VII by taking materially adverse employment actions against her, including, but not limited to, her termination.

34. As a direct, foreseeable, and proximate result of Defendant's actions, through the individuals identified herein, Plaintiff has suffered and continues to suffer grievous and extensive damages, entitling Plaintiff to recover the following damages in amounts to be proven:

    34.1    Lost past and future wages;

    34.2    Lost past and future benefits, including, but not limited to lost vacation, lost bonuses, lost sick leave, lost medical benefits, lost retirement plan, and other like employee

benefits;

      34.3    Past and continuing emotional distress, mental anguish, pain and suffering, humiliation, and enjoyment of life;

      34.4    Under 42 U.S.C. 2000e-5(k), reasonable attorneys' fees, court costs, and expert witness fees, regarding pursuing Plaintiff's rights under this cause of action, besides punitive damages.

## VII. THIRD CLAIM FOR RELIEF
### (Unlawful Violations of the Idaho Human Rights Act)

35.    Plaintiff incorporates paragraphs 1 through 34.4 above.

36.    As stated above, Defendant's multiple actions similarly constituted violations of the Idaho Human Rights Act, Idaho Code § 67-5901, *et seq.*, and Plaintiff has suffered direct, foreseeable, and proximate damages, as set forth herein.

## PRAYER

**WHEREFORE**, Plaintiff respectfully request that the Court enter judgment in her favor and against Defendant, and award this relief:

    a.  Entry of a judgment for Plaintiff and against Defendant for the actual and/or compensatory damages sustained by Plaintiff for violations identified and any other injury or claim that may be discovered during the discovery process for which the law holds Defendant liable and responsible in an amount to be determined by a jury;

    b.  Actual and compensatory damages to include lost past and future wages; lost past and future benefits, including, but not limited to, lost vacation, lost bonuses, lost sick leave, lost medical benefits, lost retirement plan, and other like employee benefits; past and continuing emotional distress, mental anguish, pain and suffering, humiliation, and enjoyment of life;

COMPLAINT AND DEMAND FOR JURY TRIAL – Page 7

    c. Under 29 U.S.C. § 2617(a)(3), 42 U.S.C. § 12205 and I.R.C.P. Rule 54, reasonable attorneys' fees, court costs, and expert witness fees, regarding pursuing Plaintiff's rights under this cause of action; and,

    d. A judgment for such other relief, general or specific, as the Court may deem appropriate, just and equitable.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES.**

Plaintiff respectfully demands a trial by jury on all issues.

DATED this 30th day of July, 2020.

                                        JONES WILLIAMS FUHRMAN GOURLEY, P.A.

                                        /s/ Daniel E. Williams
                                        Daniel E. Williams
                                        Attorney for Plaintiff